# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| KRYSTEL HANNON, | * | No. 23-197V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: June 7, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Bridget Candace McCullough</u>, Muller Brazil, LLP, Dresher, PA, for Petitioner;
<u>Felicia Langel</u>, United States Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On February 10, 2023, Krystel Hannon filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on March 4, 2021 caused her to develop radial neuritis.

On June 6, 2024, respondent filed a Rule 4(c) Report Conceding Entitlement to Compensation and Proffer of Damages, conceding that petitioner is entitled to compensation in this case. Resp't's Rep. at 1. Specifically, respondent states:

> DICP has concluded that petitioner's alleged injury is consistent with brachial neuritis after Tdap vaccination as defined by the Vaccine Injury Table. Specifically, petitioner had pain in the left shoulder and affected arm that occurred within two to twenty-eight days after receipt of the Tdap vaccine; weak muscles supplied by more

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

than one peripheral nerve; dysfunction attributable to the brachial plexus; and no other condition or abnormality that has been identified to explain her symptoms. 42 C.F.R. §§ 100.3(a)(I)(B), (c)(6). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. See 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

Id. at 4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

2