# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * * *
KRYSTEL HANNON,                          *       No. 23-197V
                                         *
                                         *
              Petitioner,                *
                                         *       Special Master Christian J. Moran
v.                                       *
                                         *       Filed: June 10, 2024
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
              Respondent.                *
* * * * * * * * * * * * * * * * * * * * * * * * *

Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Felicia Langel, United States Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On February 10, 2023, Krystel Hannon filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that a tetanus-diphtheria-acellular pertussis vaccine she received on March 4, 2021 caused her to develop radial neuritis.

On June 6, 2024, respondent filed a Rule 4(c) Report Conceding Entitlement to Compensation and Proffer of Damages, to which petitioner agrees. Based upon the record as a whole, the special master finds the Proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer, the court awards petitioner the following in the form of a check payable to petitioner:

**$60,000.00 in pain and suffering.** See 42 U.S.C. § 300aa-15(a)(4).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

**$1,234.04 in past unreimbursable expenses.  See 42 U.S.C. § 300aa-15(a)(1)(B).**

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 23-197V according to this decision and the attached proffer.[2]

Any questions regarding this order may be directed to my law clerk, Christine Olson, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran<br>Christian J. Moran<br>Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KRYSTEL HANNON,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 23-197V<br>Special Master Moran<br>ECF |

**RESPONDENT'S RULE 4(c) REPORT
CONCEDING ENTITLEMENT TO COMPENSATION
AND PROFFER OF DAMAGES**

On February 10, 2023, Krystel Hannon ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a radial neuritis as the result of a tetanus, diphtheria, acellular pertussis ("Tdap") vaccination she received on March 4, 2021.  Petition at 1.

In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as his responsive report.  Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP") have reviewed the petition and medical records filed in the case.  Their opinion is that this case is appropriate for compensation under the terms of the Act.

## FACTUAL SUMMARY

I. <u>Pre-Vaccination History</u>

Petitioner did not have a history of left arm problems, but she became sick with COVID-19 on or about February 18, 2021. Exhibit ("Ex.") 1 at 7-9.

II. <u>Vaccination</u>

Petitioner was thirty-seven years old and a home health nurse when her employer administered a Tdap vaccine in her left shoulder on March 4, 2021. Ex. 1 at 3.

III. <u>Onset</u>

On April 19, 2021, forty-six days post-vaccination, petitioner presented to her primary care provider ("PCP") complaining of left arm weakness and swelling that began two days after her Tdap vaccination. Ex. 5 at 114-15. Petitioner also complained that her left arm felt "tired" and her fingers swelled during her regular runs, but she had no pain. *Id.* at 115. Petitioner's left shoulder was tender on exam, and her PCP diagnosed her with an "[a]dverse reaction to [Tdap]" and prescribed five days of oral steroids. *Id.* at 116.

IV. <u>Treatment</u>

On June 23, 2021, petitioner presented to neurologist John Pilch, M.D., complaining of left arm weakness that began two to three days after her vaccination, followed by whole arm swelling, pain down the arm, and finger paresthesias. Ex. 4 at 13. She also described pain when abducting or laying on her left shoulder. *Id.* Petitioner's X-ray and exam were normal except for mild left arm tenderness and mild antalgic gait on the left, and Dr. Pilch diagnosed her with left radial neuritis. *Id.* at 16-17. Dr. Pilch wrote, "[u]nusual, prolonged [l]eft [arm] syndrome after vaccination with Tdap," possible "inflammatory response with a neuropathic component including the radial nerve distribution." *Id.* at 17. Dr. Pilch prescribed meloxicam, gabapentin,

2

and recommended an electromyography/nerve conduction study ("EMG/NCS") if petitioner did not improve. *Id.*

Petitioner followed up with Dr. Pilch every 4-6 weeks through September 27, 2021 (i.e., six months post-vaccination). *See generally* Ex. 4. Petitioner reported that her symptoms improved with meloxicam, but she never tried the gabapentin because she feared side-effects. *Id.* Dr. Pilch noted that petitioner's condition was not progressive but was persistent, and he prescribed Voltaren gel and baclofen and referred her to pain management. *Id.*

On December 2, 2021, petitioner presented to pain management specialist Ketan Jhunjhunwala, M.D., complaining of left arm intermittent and intense pain with numbness and weakness after activity. Ex. 3 at 2. On exam, petitioner exhibited tenderness over the left proximal arm, slightly reduced strength, and a positive Tinel sign. *Id.* at 5-6. Dr. Jhunjhunwala diagnosed petitioner with left radial neuritis and some involvement of ulnar and/or axillary nerve but noted that no EMG/NCS was performed. *Id.* at 7. Dr. Jhunjhunwala prescribed Lyrica and a TENS unit. *Id.*

On January 10, 2022, petitioner presented to orthopedist David Brown, M.D., and she rated her left arm pain at 1/10. Ex. 8 at 3. Petitioner reported that she was exercising regularly and was taking meloxicam daily "with only modest benefit." *Id.* Petitioner had mild pain on exam of the left shoulder, and a shoulder X-ray was normal. *Id.* at 4-5. Dr. Brown diagnosed petitioner with likely myositis and a possible rotator cuff problem, recommended a cortisone injection (petitioner declined), and prescribed diclofenac. *Id.* at 5.

Petitioner followed up with Dr. Jhunjhunwala twice through May 17, 2022 (i.e., fourteen months post-vaccination), and she reported that her pain improved with meloxicam and TENS

3

treatment. Ex. 3 at 20. A cervical MRI was unremarkable, and Dr. Jhunjhunwala recommended that petitioner continue with her current treatment. *Id.* at 20, 25; Ex. 6 at 5.

Petitioner received no further treatment for her left arm.

V. Duration of Injury

Petitioner received treatment for her brachial neuritis through May 17, 2022, fourteen months post-vaccination.

VI. Summary of Treatment

Petitioner was treated with six prescription medications for her brachial neuritis.

## ANALYSIS

As noted above, DICP has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate. DICP has concluded that petitioner's alleged injury is consistent with brachial neuritis after Tdap vaccination as defined by the Vaccine Injury Table. Specifically, petitioner had pain in the left shoulder and affected arm that occurred within two to twenty-eight days after receipt of the Tdap vaccine; weak muscles supplied by more than one peripheral nerve; dysfunction attributable to the brachial plexus; and no other condition or abnormality that has been identified to explain her symptoms. 42 C.F.R. §§ 100.3(a)(I)(B), (c)(6). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

**PROFFER**

I. <u>Items of Compensation</u>

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,234.04. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. <u>Form of the Award</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $61,234.04, in the form of a check payable to petitioner.

III. <u>Summary of Recommended Payments Following Judgment</u>

Lump sum payable to petitioner, Krystel Hannon:           **$61,234.04**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future unreimbursed expenses, future lost earnings, and future pain and suffering.

5

**CONCLUSION**

Respondent recommends that the Special Master enter a decision finding petitioner entitled to compensation for a brachial neuritis occurring within the Table timeframe following petitioner's March 4, 2021 Tdap vaccination, and that the Court award $61,234.04 for all damages available under Section 15(a) of the Vaccine Act, which does not include reasonable attorneys' fees and litigation costs to be determined at a later date.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division

/s/ Felicia D. Langel
FELICIA D. LANGEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-3148
felicia.d.langel@usdoj.gov

DATED: June 6, 2024